IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE BRANSON LABEL, INC.**, a Florida Corporation, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **No. 14-cv-3222** |
| **AEROPOSTALE, INC.** | ) | **JURY TRIAL DEMANDED** |
| Serve: CSC - Lawyers Incorporating Service | ) | |
|      Company | ) | |
|      221 Bolivar | ) | |
|      Jefferson City, MO 65101 | ) ) | |
| **BELK, INC.** | ) | |
| Serve: National Registered Agents, Inc. | ) | |
|      120 South Central Avenue | ) | |
|      Clayton, MO 63105 | ) ) | |
| **THE CATO CORPORATION d/b/a VERSONA ACCESSORIES** | ) ) | |
| Serve: The Corporation Company | ) | |
|      120 South Central Ave. | ) | |
|      Clayton, MO 63105 | ) ) | |
| **CHARLOTTE RUSSE, INC.** | ) | |
| Serve: CSC - Lawyers Incorporating Service | ) | |
|      Company | ) | |
|      221 Bolivar | ) | |
|      Jefferson City, MO 65101 | ) ) | |
| **CRAB ADDISON, INC. d/b/a JOE'S CRAB SHACK** | ) ) | |
| Serve: National Registered Agents, Inc. | ) | |
|      120 South Central Avenue | ) | |
|      Clayton, MO 63105 | ) ) | |
| **DEB SHOPS SDE LLC** | ) | |
| Serve: CT Corporation System | ) | |
|      120 South Central Avenue | ) | |
|      Clayton, MO 63105 | ) | |

| | |
|---|---|
| **THE FINISH LINE OF INDIANA, INC.,** | ) |
| Serve: CSC - Lawyers Incorporating Service | ) |
|     Company | ) |
|     221 Bolivar | ) |
|     Jefferson City, MO 65101 | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiff, The Branson Label, Inc. ("Branson Label" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants Aeropostale, Inc., Belk, Inc., The Cato Corporation, d/b/a Versona Accessories, Charlotte Russe, Inc., Crab Addison, Inc., d/b/a Joe's Crab Shack, Deb Shops SDE, LLC, and The Finish Line of Indiana, Inc. (collectively the "Defendants"), states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1332. There is complete diversity between the parties because, as set forth below, Branson Label is a Florida corporation with its principal place of business in Florida, is therefore a citizen of a different state from any of the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2. This Court has personal jurisdiction over the Defendants because each is duly registered and qualified to do business in this State, the claims herein relate to real property located in this State, and the events giving rise to the claims herein occurred, in substantial part, in this State.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the district in which the Subject Property, as defined below, is located and in which a substantial part of the events giving rise to the claims asserted herein occurred.

## Parties

4. Branson Label is a corporation organized and existing under Florida law with its principal place of business in Florida.

5. Defendant Aeropostale, Inc. is a citizen of the States of Delaware and New York as it is organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. Upon information and belief, Aeropostale, Inc. is a tenant currently occupying space and transacting business at the Subject Property, as that term is defined hereunder. Aeropostale, Inc. may be served through CSC–Lawyers Incorporating Service Company at 221 Bolivar, Jefferson City, Missouri 65101.

6. Defendant Belk, Inc. is a citizen of the States of Delaware and North Carolina as it is organized and existing under the laws of the State of Delaware with its principal place of business in the State of North Carolina. Upon information and belief, Belk, Inc. is a tenant currently occupying space and transacting business at the Subject Property. Defendant Belk, Inc. may be served through National Registered Agents, Inc. at 120 South Central Avenue, Clayton, Missouri 63105.

7. Defendant The Cato Corporation, d/b/a Versona Accessories is a citizen of the States of Delaware and North Carolina as it is organized and existing under the laws of the State of Delaware with its principal place of business in the State of North Carolina. Upon information and belief, The Cato Corporation d/b/a Versona Accessories is a tenant currently occupying space and transacting business at the Subject Property. Defendant Cato Corporation may be served through The Corporation Company at 120 South Central Avenue, Clayton, Missouri 63105.

8. Defendant Charlotte Russe, Inc. is a citizen of the State of California as it is organized and existing under the laws of the State of California with its principal place of business in the State of California. Upon information and belief, Charlotte Russe, Inc. is a tenant currently occupying space and transacting business at the Subject Property. Defendant Charlotte Russe, Inc. may be served through CSC-Lawyers Incorporating Service Company at 221 Bolivar, Jefferson City, Missouri 65101.

9. Defendant Crab Addison, Inc., d/b/a Joe's Crab Shack is a citizen of the State of Texas as it is organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas. Upon information and belief, Crab Addison, Inc., d/b/a Joe's Crab Shack is a tenant currently occupying space and transacting business at the Subject Property. Defendant Crab Addison, Inc. may be served through National Registered Agents, Inc. at 120 South Central Avenue, Clayton, Missouri 63105.

10. Defendant Deb Shops SDE, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, all of the members of Deb Shops SDE, LLC are citizens of states other than Florida or Missouri. Also upon information and belief, Deb Shops SDE, LLC is a tenant currently occupying space and transacting business at the Subject Property. Defendant Deb Shops SDE, LLC may be served through CT Corporation System at 120 South Central Avenue Clayton, Missouri 63105.

11. Defendant The Finish Line of Indiana, Inc. is a citizen of the State of Indiana as it is organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana. Upon information and belief, The Finish Line of Indiana, Inc. is a tenant currently occupying space and transacting business at the Subject Property. Defendant

The Finish Line of Indiana, Inc. may be served through CSC-Lawyers Incorporating Service Company at 221 Bolivar, Jefferson City, Missouri 65101.

### Plaintiff's Title to the Subject Property

12. This matter involves claims arising out of the improper entry, possession and use of portions of certain real property located in Taney County, Missouri (hereinafter the "Subject Property") legally described, subject to the exclusion below, as follows:

> All that part of the SE1/4 of the NW1/4 situate on the right bank of Roark Creek and that part of the NE1/4 of the SW1/4 in Section 33, Township 23, Range 21, EXCEPT a tract of land more particularly described as beginning at the NE corner of Park Addition to the City of Branson, Missouri, thence North 2° 19' West to the Southerly bank of Roark Creek; thence in a Southerly direction with the Easterly and Southerly bank of said Roark Creek to the Northerly line of said Park Addition; thence Easterly to the point of beginning; all bearings being referenced to the centerline of Sycamore Street as being due North and South.

The foregoing legal description notwithstanding, the Subject Property, for the purposes of this action, shall exclude approximately three acres of land deeded by Douglas Coverdell to Coverdell Enterprises, Inc. A copy of that deed is attached hereto as Exhibit "A".

13. Branson Label currently holds and enjoys title to the Subject Property based on a series of conveyances and transfers summarized as follows:

   a. As of February 15, 1957, title to a portion of the Subject Property was held by W. F. Hoke and Vera H. Hoke by virtue of a deed recorded in book 148 at page 259 of the real estate records of Taney County, Missouri (the "Hoke Deed"). While the original property deeded to the Hokes did not include all of the Subject Property, the Hokes acquired additional property adjacent to the property described in the 1957 deed through adverse possession, which included the payment of real estate taxes for a number of years, the erection of structures including bungalows, docks, picnic areas, and other improvements, all of which

were open and notorious during the time the Hokes claimed ownership of the Subject Property. A copy of the Hoke Deed is attached hereto and made a part hereof as Exhibit "B".

b. On or about May 10, 1972, the Hokes conveyed the Subject Property to Tori, Inc. ("Tori"). That deed is recorded in book 206 at page 84 of the real estate records of Taney County, Missouri (the "Tori Deed"), a copy of which is attached hereto and made a part hereof as Exhibit "C". Tori continued to openly and notoriously occupy and possess the Subject Property beginning in 1972, paid real estate taxes associated with the Subject Property for a number of years, and ultimately entered into an agreement with the City of Branson by which it granted a license to the City to use the land for a park, in exchange for which Branson agreed to maintain the Subject Property and pay the real estate taxes.

c. In 1986, Tori was administratively dissolved or its corporate franchise was forfeited as provided by the General and Business Corporate Law of Missouri. Following that dissolution or forfeiture, the statutory trustees of Tori were Peter and Karen Rea.

d. In 1987, while Tori was administratively dissolved or its corporate franchise was forfeited, Karen Rea quitclaimed her interest in the Subject Property by a Quitclaim Deed to Peter Rea (the "Peter Rea Deed"), a copy of which is attached hereto and made a part hereof as Exhibit "D".

e. In 1988, while Tori was administratively dissolved or its corporate franchise was forfeited, Peter Rea quitclaimed the Subject Property by Quitclaim

Deed to himself and Darlene Rea (the "Peter and Darlene Rea Deed"), a copy of which is attached hereto and made a part hereof as Exhibit "E".

f. In June 23, 1992, while Tori was administratively dissolved or its corporate franchise was forfeited, Peter Rea and Darlene Rea quitclaimed the Subject Property by Quitclaim Deed to Branson Label (the "Branson Label Deed"), a copy of which is attached hereto and made a part hereof as Exhibit "F".

14. In 1995, and following the transfer of title of the Subject Property from Peter Rea and Darlene Rea to Branson Label, the Taney County Circuit Court entered a judgment finding that title to the Subject Property was vested in Branson Label.

### Defendants' Wrongful Entry, Possession and Use of the Subject Property

15. Despite Branson Label's title to the Subject Property, beginning on May 15th, 2004, certain entities including, without limitation, non-parties The Empire District Electric Company, the City of Branson, Missouri ("City of Branson"), HCW Development Company, LLC ("HCW"), and/or certain HCW affiliates, collaborated to improperly and unlawfully enter, possess and encumber the Subject Property to the exclusion of Plaintiff and pursuant to certain agreements between HCW and the City of Branson to "redevelop" the Subject Property, including a master lease agreement by which the City of Branson improperly and unlawfully purported to lease the Subject Property to HCW to be developed as the "Branson Landing."

16. On information and belief, each Defendant has, at some point after May 15, 2004, entered into one or more lease agreements with HCW and/or certain HCW affiliates to occupy a portion of the Subject Property for the purposes of conducting business at the "Branson Landing" development. Such lease agreements were entered into without the authorization of Plaintiff.

17. Each Defendant improperly and unlawfully entered, possessed, improved and used certain portions of the Subject Property to the exclusion of Plaintiff. Some or all of the Defendants were enriched by such conduct through the earning of profits or other benefits in connection with such Defendant's business operations at the Subject Property.

18. On information and belief, some or all of the Defendants continue to possess, occupy and conduct business on the Subject Property pursuant to a lease agreement with HCW and/or certain HCW affiliates at the "Branson Landing" development.

## COUNT I
## (TRESPASS)

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 18 as this paragraph 19 as if fully set forth herein.

20. Plaintiff owns and is legally entitled to possession of the Subject Property, including the portions of the "Branson Landing" on the Subject Property.

21. Each Defendant has entered onto the Subject Property without Plaintiff's authorization and has continuously held possession of some portion of the Subject Property without Plaintiff's authorization.

22. Each Defendant has violated Plaintiff's legal right to possession as a result of its actions and through its improper and unauthorized entry onto the Subject Property for the purposes of conducting business activities and generating revenue through the provision of goods and services.

23. Each Defendant's unauthorized possession of some portion of the Subject Property is continuing, causes fresh injury to Plaintiff on a continuing basis, and is capable of being terminated.

24. Plaintiff has suffered and continues to suffer damage as a result of Defendants' acts, which have precluded Plaintiff from (a) occupying the Subject Property, (b) developing the Subject Property as it saw or sees fit, (c) transferring, assigning or otherwise disposing of the Subject Property; and (d) generating revenue and profits from its ownership or use of the Subject Property.

## COUNT II
## (EJECTMENT)

25. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 24 as this paragraph 25 as if fully set forth herein.

26. Plaintiff owns and is legally entitled to possession of the Subject Property, including the portions known as the "Branson Landing."

27. At various times after May 15, 2004, each Defendant entered onto the Subject Property without Plaintiff's authorization and has continuously held possession of some portion of the Subject Property without Plaintiff's authorization.

28. Plaintiff has suffered and continues to suffer damage as a result of Defendants' acts, which have prevented Plaintiff from (a) occupying the Subject Property, (b) developing the Subject Property as it saw or sees fit, (c) transferring, assigning or otherwise disposing of the Subject Property; and (d) generating revenue and profits from its ownership or use of the Subject Property.

## COUNT III
## (UNJUST ENRICHMENT)

29. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 28 as this paragraph 29 as if fully set forth herein.

30. Plaintiff owns and is legally entitled to possession of the Subject Property, including those portions of "Branson Landing" which are on the Subject Property.

31. Despite entering onto and continuously holding possession of some portion of the Subject Property without Plaintiff's authorization, each Defendant has been and continues to be enriched through such possession of some portion of the Subject Property through, *inter alia*, the conducting of businesses and earning money through the provision of goods and services within the Subject Property.

32. The unjust enrichment of Defendants has been at Plaintiff's expense, as the unauthorized possession of the Subject Property has precluded Plaintiff from (a) occupying the Subject Property, (b) developing the Subject Property as it saw or sees fit, (c) transferring, assigning or otherwise disposing of the Subject Property; and (d) receiving any monies or profits from its ownership or use of the Subject Property.

33. As Plaintiff is the true and correct owner of the Subject Property, it would be unjust, under the circumstances, to permit Defendants to retain any of the benefits they have received as they lack any ownership interest in the Subject Property from which their benefits are derived.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The Branson Label, Inc. respectfully requests that the Court (1) enter judgment in its favor and against Defendants for direct and consequential damages in an amount exceeding $75,000.00 to be determined at trial, together with interest at the highest permitted rate, in favor of Plaintiff for Plaintiff's loss of use and disposition of the Subject Property or any portion thereof, the waste and injury to the Subject Property or any portion thereof, and any rents, profits and/or other benefits paid to or earned by each Defendant during

such Defendant's possession and use of some portion of the Subject Property; (2) award Plaintiff possession of the Subject Property; (3) award reasonable attorneys' fees and costs; and (4) award such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Branson Label hereby demands trial by jury on all issues so triable.

Dated: May 14, 2014

**SANDERS WARREN & RUSSELL LLP**

*/s/ Randy P. Scheer*

| Randy P. Scheer | #37214 |
| S. Jacob Sappington | #51810 |

1949 E. Sunshine, Suite 2-102
Springfield, Missouri 65804
Telephone: (417) 281-5100
Facsimile: (417) 281-5199
E-mail: r.scheer@swrllp.com
           j.sappington@swrllp.com

and

**GREENBERG TRAURIG, LLP**

Paul T. Fox*
Gregory E. Ostfeld*
Paul A. Del Aguila (#53145)
Brett M. Doran*
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
E-mail: foxp@gtlaw.com
           ostfeldg@gtlaw.com
           delaguilap@gtlaw.com
           doranb@gtlaw.com

**ATTORNEYS FOR PLAINTIFF**

\* Petition for admission *pro hac vice* forthcoming