IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

THE BRANSON LABEL, INC., )
)
          Plaintiff, )
)
v. ) Case No. 6:14-CV-3222-BCW
)
AEROPOSTALE, INC., et al, )
)
          Defendants. )

## SCHEDULING ORDER

    Plaintiff appears in person by counsel, Brett Doran, Paul Fox, and Jacob Sappington. Defendant appears telephonically by counsel, Daniel Welsh. Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and upon consideration of the parties' proposals in the matter, the Court hereby establishes the following deadlines in this matter. The parties are advised that these deadlines are to be followed absent an Order from the Court modifying any deadlines.

    1.    This case is set for trial on **November 9, 2015 at 9:00 a.m.** at the United States Courthouse in Springfield, Missouri.

    2.    This case is set for a final pretrial conference on **October 8, 2015**, at **1:30 p.m.** via telephone conference; the Courtroom Deputy, Joella Baldwin, will arrange participation in the telephone conference. Lead trial counsel shall participate in this conference.

    3.    Any dispositive motion, except those under Fed. R. Civ. P. Rule 12(h)(2) or (3) shall be filed on or before **July 1, 2015**. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

4. All motions to strike expert designations or preclude expert testimony premised on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) shall be filed on or before **July 1, 2015**. The deadline for filing motions in limine does not apply to these motions. Failure to file a <u>Daubert</u> motion prior to this deadline will constitute a waiver of any arguments based on <u>Daubert</u>.

5. The parties shall amend all pleadings and add parties on or before November 10, 2014.

6. All parties shall designate any rebuttal expert witnesses on or before June 22, 2015. This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether the witness was specially retained to provide trial testimony. Each party shall ensure compliance with Fed. R. Civ. P. 26(a)(2)(B) at the time of their expert witness designations.

7. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before **April 6, 2015** ("Closure Date"). This means all discovery shall be completed, not simply submitted, on or before the Closure Date. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court.

8. Discovery shall not be conducted after the Closure Date, except by Order of the Court for good cause shown. Nothing contained herein shall excuse a party from the continuing obligation to update responses to discovery or to respond to discovery requests made before the Closure Date.

9. Should any discovery dispute arise, the parties are directed to comply with Local Rule 37.1. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.

10. In the event the Court holds a telephone conference or telephone hearing, counsel shall contact the Courtroom Deputy, Joella Baldwin, at Joella_Baldwin@mow.uscourts.gov to arrange participation in the conference or hearing.

11. All motions for extension of time pursuant to Fed. R. Civ. P. Rules 6(b), 31, 33, 34 or 36 should be filed at least seven (7) days before the date of the original deadline and must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

12. All motions requesting leave to depart from Local Rule 7.0(f) page limitation must state:

    a. The number of previous requests for leave;

    b. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

    c. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

13. The parties shall submit a proposed order in conjunction with all non-dispositive motions filed. The proposed order shall include language detailing the specific relief sought and

not simply that the motion "is granted." Such proposed orders shall be emailed in Word format to the Courtroom Deputy, Joella Baldwin, at Joella_Baldwin@mow.uscourts.gov.

14. At least three (3) business days prior to any appearance with the Court (i.e., telephone conference, hearing, etc.) in which a pending motion or discovery dispute will be addressed, counsel for each party shall submit a Position Letter to the Court.

   a. A Position Letter regarding any pending motion shall not exceed three (3) pages in length. A Position Letter regarding any discovery dispute shall not exceed one (1) page in length.

   b. The Position Letter shall be in Word format with one-inch margins and twelve (12) point Arial font.

   c. The Position Letter shall set forth the following:

      i. A brief recitation of the facts;

      ii. A discussion of your party's arguments; and

      iii. A discussion of the anticipated arguments the opposing party may raise.

   d. To ensure candor, the Position Letters shall **not** be filed with the Court nor shared with opposing counsel, but rather shall be emailed in PDF document form only to the Court's chambers at Joella_Baldwin@mow.uscourts.gov.

   e. All Position Letters will be kept confidential.

   f. Counsel shall not submit a Position Letter for a pending motion addressed at the final pretrial conference or trial.

   g. Counsel shall not submit a Position Letter for a motion referenced in paragraphs eleven (11) or twelve (12) or other motion of such ministerial nature.

15. The agenda for the final pretrial conference will include discussion and consideration of the following:

   a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

   b. Identification of legal and factual issues to be tried;

c. Disposition of any pending motions;

d. Any legal questions which must be resolved prior to trial;

e. Length and schedule of trial;

f. Voir dire procedure;

g. Size of the jury panel;

h. Needs for special equipment;

i. Suggestions by counsel to simplify and expedite the trial; and

j. Status and likely possibility of settlement.

16. The following documents shall be filed prior to the final pretrial conference:

   a. Any motion in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to a motion in limine shall be filed at least three (3) business days prior to the final pretrial conference.

   b. At least three (3) business days prior to the final pretrial conference, the parties shall file a joint stipulation of any uncontroverted facts. If no facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect.

   c. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court for good cause shown.

   d. At least three (3) business days prior to the final pretrial conference, each party shall file and serve a list of all exhibits which may be offered at trial. The parties shall additionally provide to the Courtroom Deputy an exhibit index, with said index being prepared on a form provided by the Clerk's office. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. No exhibit will be received in evidence which is not listed by

the counsel offering the exhibit, except by leave of Court for good cause shown. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause shown.

e. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation setting forth those exhibits for which the identity and authenticity of the exhibit is not contested. This means counsel shall confer and review their respective exhibit lists sufficiently in advance of their filing date to enable them to prepare and file their stipulation.

f. At least ten (10) business days prior to the final pretrial conference, any deposition that may be used at trial by an asserting party (plaintiff, third-party plaintiff, counterclaiming defendant, etc.) shall identify and serve a designation, by page and line number, to the opposing party using a distinctive highlighting color.

g. At least five (5) business days prior to the final pretrial conference, each party opposing an asserting party's designation shall identify and serve counter designations in a contrasting color and objections to the asserting party's designations in a third color. Counter designations and objections shall be returned to the asserting party five (5) days prior to the final pretrial conference. All objections to all deposition designations shall be presented to the Court at the final pretrial conference.

17. The following documents shall be filed prior to the date trial is set to commence:

a. At least ten (10) business days prior to trial, the parties shall jointly submit an original (without sources) set and an annotated (with sources) set of proposed jury instructions to the Courtroom Deputy. Proposed annotated instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate.

   i. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction. The deadline for submitting objections and alternative proposed instructions is five (5) business days prior to trial.

b. The parties shall email the proposed jury instructions to the Courtroom Deputy at Joella_Baldwin@mow.uscourts.gov. The proposed jury instructions shall be submitted in Word format. The proposed jury instructions shall be in Arial,

twelve (12) point font, double-spaced paragraphs, and with one-inch margins. Each proposed jury instruction shall be separated by a "page-break."

    c. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed.

    d. At least ten (10) business days prior to trial, counsel for each party shall file a list of proposed questions or topics counsel desires to be included in voir dire examination conducted by the Court. Objections to opposing party's voir dire questions shall be filed at least five (5) business days prior to trial.

    e. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed to the Courtroom Deputy at Joella_Baldwin@mow.uscourts.gov. The jury statement should be submitted in Word format.

18. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

19. In order to ensure efficient use of time during trial, the following rules of Court will be imposed:

    a. All legal issues must be raised in advance of trial by written motions and in accordance with the Scheduling Order of this Court;

    b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

    c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

    d. Witnesses who will be testifying from exhibits or about exhibits will be expected to have reviewed them prior to their testimony so as to avoid the need for the witness to take Court time to review and get familiar with the exhibit.

- 7 -

Case 6:14-cv-03222-BCW   Document 45   Filed 08/13/14   Page 7 of 8

20. The dispositive motion date, final pretrial conference date, and trial date shall be changed only by leave of Court.

21. Any questions about this Scheduling Order or the procedures to be followed when practicing in this division should be directed to the Courtroom Deputy, Joella Baldwin, at (816) 512-5052.

IT IS SO ORDERED.

DATED: <u>August 13, 2014</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT