IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BRANSON LABEL, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:14-CV-03222-BCW |
| | ) | |
| AEROPOSTALE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #19). The Court being duly advised of the premises, and for good cause shown, denies said Motion.

### BACKGROUND

On May 14, 2014, Plaintiff The Branson Label, Inc. ("Branson Label") filed this suit against Defendants Aeropostale, Inc.; Belk, Inc.; The Cato Corporation, d/b/a/ Versona Accessories; Charlotte Russe, Inc.; Crab Addison, Inc., d/b/a/ Joe's Crab Shack; Deb Shops SDE, LLC, and The Finish Line of Indiana, Inc. (collectively "Defendants").

Branson Label is a Florida corporation with its principal place of business ("PPB") in Florida. Defendant Aeropostale is incorporated in Delaware with its PPB in New York. Defendants Belk and Cato Corporation are Delaware corporations with their PPBs in North Carolina. Defendant Charlotte Russe is a California corporation with its PPB in California. Defendant Crab Addison, Inc. is incorporated in and has its PPB in Texas. Defendant Deb Shops SDE, LLC is incorporated in Delaware, and its members are, upon information and belief, citizens of states other than Florida or Missouri. Finally, Defendant The Finish Line is incorporated in and has its PPB in Indiana.

1

Branson Label alleges that it holds title to the commercial real property at issue ("Subject Property"), but despite this title, Defendants and others have possessed and used the Subject Property to Branson Label's exclusion, "pursuant to certain agreements between HCW [Development Company, LLC] ("HCW") and the City of Branson to 'redevelop' the Subject Property . . . ." (Doc. #1 at 7). Based on these allegations, Branson Label filed suit asserting against Defendants claims for (I) trespass; (II) ejectment; and (III) unjust enrichment.

Defendants seek dismissal of Branson Label's claims on the basis of lack of subject matter jurisdiction. Defendants contend that Branson Label improperly manufactured diversity in this case by effectuating a merger, between now-defunct Missouri Branson Label and new corporation Florida Branson Label, just before filing this lawsuit. In opposition, Branson Label asserts that it has established a legitimate business purpose for the merger and moreover, diversity jurisdiction in this Court exists notwithstanding the merger.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a district court is bound to ensure its jurisdiction over a case as a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). This duty further obligates the Court to analyze its subject matter jurisdiction on its own, even under circumstances where the parties do not raise the issue. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).

## ANALYSIS

A federal court's diversity jurisdiction, conferred under 28 U.S.C. § 1332, gives a district court original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1) (2014). The "amount in controversy" requirement is not in dispute for purposes of the instant motion. Notwithstanding, a

review of the complaint indicates that the amount in controversy requirement has been satisfied because it does not appear that Branson Label's alleged damage amount, to a legal certainty, is "really for less than the jurisdictional amount." Burns v. Anderson, 502 F.2d 970, 971 (5th Cir. 1974) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

With respect to the jurisdictional citizenship requirement, a parties' domicile is synonymous with his citizenship. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). Complete diversity exists only where no plaintiff has the same State-citizenship as any defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). A party's citizenship is fixed as of the lawsuit's filing date. Maddox v. George, 921 F. Supp. 650, 651 (E.D. Mo. 1996).

Of particular relevance in this case is the determination of a corporation's citizenship for diversity purposes. In this context, a corporation is considered a citizen of both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c) (2014).

Branson Label's jurisdictional allegations state that it is incorporated in Florida and has its principal place of business in Florida, resulting in Florida citizenship. Further, Branson Label alleges that no defendant-business has Florida citizenship.[1]

Standing alone, these allegations indicate that the Court has original jurisdiction under § 1332. However, Defendants' motion to dismiss challenges Branson Label's formation through the merger of now-defunct Missouri Branson Label and a then-new Florida corporation just before Branson Label filed this suit. Consequently, because Defendants are challenging the

---

[1] During a telephone conference held on September 17, 2014, the Court inquired into the citizenship of the LLC members comprising Deb Shops SDE LLC. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (although plaintiff is granted the benefit of all reasonable inferences, where jurisdiction is at issue, a court may inquire elsewhere into the jurisdictional facts). Neither party provided information beyond the pleadings, but Defendants did not dispute that the LLC members were not domiciled in either Missouri or Florida. Consequently, for purposes of this motion, the Court affords Plaintiff the benefit of the inference that the LLC's members' citizenships do not have an independent impact on diversity jurisdiction, but the Court may revisit this issue as demanded by further factual development. See Bradley v. Am. Postal Workers Union, ALF-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992).

3

complaint's jurisdictional allegations, Branson Label "has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence. Russell v. New Amersterdam Cas. Co., 325 F.2d 996, 998 (8th Cir. 1964) (citing Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962)).

Pursuant to 28 U.S.C. § 1359, this Court shall not have jurisdiction over a civil action in which any party has been improperly or collusively joined for the purpose of invoking federal jurisdiction. Section 1359 may apply in circumstances where a business transaction created diversity, but only where the main purpose of the transaction was to invoke federal jurisdiction. Madsen v. Am. Home Prods. Corp., 477 F. Supp. 2d 1025, 1031 (E.D. Mo. 2007).

In a recent decision in a related case captioned The Branson Label Inc. v. City of Branson, Missouri, et al., the Court found that the same merger that is at issue in this case was collusive because its main purpose was to create diversity jurisdiction. See Doc. #42, No. 6:14-CV-03220-GAF (W.D. Mo. July 30, 2014). The Court agrees with the conclusion that the merger at issue here was facilitated for an improper purpose.

However, in the context of the Defendants' pending motion to dismiss, the case before this Court is distinguishable from City of Branson. If a federal court finds that diversity jurisdiction was improperly created, the case should be remanded to state court. Madsen v. Am. Home Prods. Corp., No. 4:02CV01835 ERW, 2007 WL 522557, *2 (E.D. Mo. Feb. 14, 2007). Defendants thus urge this Court to remand the matter to the Circuit Court of Taney County, Missouri.

Upon a finding that federal jurisdiction was improperly established, Branson Label would be considered a Missouri citizen for jurisdictional purposes. See Madsen v. Am. Home Prods. Corp., No. 4:02CV01835 ERW, 2007 WL 522557, *2 (E.D. Mo. Feb. 14, 2007). In City of Branson, the Court's designation of Branson Label as a Missouri citizen destroyed complete

4

Case 6:14-cv-03222-BCW   Document 56   Filed 09/26/14   Page 4 of 5

diversity and thus required remand. By contrast, in the case before this Court, no Defendant has asserted that it is a citizen of either Missouri or Florida. Thus, complete diversity exists notwithstanding the merger, such that there is an independent basis for this Court's subject matter jurisdiction.

As a result, and in taken in combination with the well-settled rule that a plaintiff is the "master of the complaint," Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009), the Court concludes that it has original jurisdiction over this matter and retention of this case in federal court is not improper. Accordingly, it is hereby.

ORDERED Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #19) is DENIED.

IT IS SO ORDERED.


DATED: September 26, 2014

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT